# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 5:02CR30093 |
| v. | ) | **OPINION** |
| | ) | |
| **DENNIS CARL FISHER, JR.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jason S. Beaton, Special Assistant United States Attorney, Charlottesville, Virginia, for United States; Dennis Carl Fisher, Jr., Pro Se Defendant.*

The defendant, a federal inmate proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012). He argues that his sentence is no longer valid in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). After review of the record, I conclude that the defendant's claim is untimely and without merit. Therefore, I will grant the United States' Motion to Dismiss.

Fisher was charged in this court with drug trafficking offenses in violation of 21 U.S.C.A. § 841(1)(a) (West 1999). After a two-day jury trial, Fisher was found guilty on all counts. The Presentence Investigation Report ("PSR") prepared in Fisher's case found that for sentencing purposes, Fisher should be held accountable for 56.04 grams of cocaine base and 1,585.18 grams of cocaine powder. These

drug amounts converted to a combined total of 1,437 kilograms of marijuana under U.S. Sentencing Manual ("USSG") § 2D1, giving Fisher a Base Offense Level of 32. With a two-level increase for obstruction of justice, based on evidence that Fisher had threatened the principal investigator and witness in his case, the PSR calculated the Total Offense Level as 34. The PSR indicated that Fisher's prior convictions gave him a Criminal History Category of III, resulting in a custody range of 188 to 235 months.

The PSR also indicated that Fisher was subject to a mandatory minimum sentence of 240 months under § 841(b)(1)(A), based on a prior drug felony conviction. For purposes of this section, a felony drug offense is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State." 21 U.S.C. § 802(44) (West Supp. 2012). The United States had previously notified Fisher of its intent to seek enhancement of his sentence based on this prior drug felony conviction. Fisher did not dispute that on May 5, 1994, he had been convicted in the Circuit Court for Rockingham County, Virginia, for possession of cocaine and sentenced to eight years in prison, with seven years suspended, and eight years of supervised probation.

Fisher filed written objections to the PSR drug amount findings, but did not object in writing to the PSR finding that he was subject to the mandatory sentence, based upon his prior drug felony offense. Because Fisher did not present evidence

demonstrating that the drug amount findings in the PSR were based on unreliable evidence, I overruled his objections. Finding that his prior drug felony conviction subjected Fisher to the statutory mandatory minimum sentence, I sentenced him on September 29, 2003, to 240 months in prison. On appeal, the United States Court of Appeals for the Fourth Circuit affirmed the judgment. *United States v. Fisher*, 109 F. App'x 569 (4th Cir. Sept. 20, 2004) (unpublished).

In his § 2255 motion, Fisher asserts that his sentence is no longer valid in light of *Simmons*. The United States has filed a Motion to Dismiss and Fisher has responded, making the matter ripe for disposition.

While I agree that Fisher's motion is untimely for the reasons stated by the government, I also agree with the government that Fisher was properly sentenced even in light of the *Simmons* ruling. The record reflects that the court did not enhance Fisher's federal sentence based on any hypothetical aggravating factors. Fisher does not dispute the circuit court's original sentence of eight years in prison. The court's action in suspending Fisher's term of custody after only one year of imprisonment does not change the fact that his offense was clearly "punishable by imprisonment for a term exceeding one year," as reflected by the term of imprisonment actually imposed, although not served.

In conclusion, for the stated reasons, I find that Fisher's § 2255 motion is untimely and without merit. Therefore, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

        DATED: April 1, 2013

        /s/ James P. Jones
        United States District Judge